Ranney, J.
In the view taken by the court in this case it becomes necessary to decide but a single question. Where a judgment creditor brings a creditor’s bill to enforce satisfaction of his-judgment by charging equities, can the judgment debtor be permitted to show in defense that the contract upon which the judgment was rendered was infected with usury or other illegality? The defendants place themselves upon this ground alone, and excuse themselves from further answering upon the assumption that this is a perfect answer to the equity of the bill when coupled with the fact that they were not advised of the usury until after the rendition of the, judgment at law. In support of this position they insist that while it is true that a party invoking the aid of a. court of equity to be relieved from usury can only do so upon paying what is equitably due, yet, as a defendant, he *may insist upon it as a perfect defense in equity as well as at law. That the-illegality of the contract will constitute a sufficient reason why a court of equity will not lend its aid to enforce it. This is undoubtedly generally correct; and it is equally true that if the obligation upon which this judgment is founded was tainted with usury, it was absolutely void for the want of corporate power in the plaintiff tO' make it. 8 Ohio, 257 ; 11 lb. 489; 13 lb. 107.
But all this does not come to the point in hand. The question hero is, can the party be permitted to go back of the judgment in a proceeding brought to inforce it and aver and prove such illegality ? It certainly can not be necessary at this day to cite authorities to show that the judgment of a court of competent jurisdiction can not be impeached collaterally. It is a record of the highest character, importing absolute verity, and works a conclusive estoppel upon parties and privies to aver or prove anything against it. It speaks for itself, and when it has spoken the parties to it at least are bound to be silent. Without overturning the very foundations of the law, we are bound to hold that it can only be impeached upon a direct proceeding brought to reverse or annul it. The difficulty here is, not that a court of chancery can not refuse to *203 enforce a usurious obligation when that is proved, but it arises from, the fact that th.e defendants are conclusively estopped from proving it against the judgment. While that stands unreversed and in force, no evidence can be received to impair the absolute verity which it imports. If, instead of this proceeding to obtain satisfaction of the judgment, an action of law had been brought upon it, I do not suppose it would be contended that a plea setting up usury in the obligation upon which it was founded, could be sustained; and yet it would not differ from the present attempt.
The power of a court of equity to allow such a defense is not more comprehensive than that of a court of law ; and certainly a judgment when thus used is not less sacred in the one tribunal than in the other.
*We have examined all the cases cited by the defendants’ counsel, and can find nothing in any of them' which militates against these views, unless a single remark made by the chancellor in Fanning v. Dunham, 5 Johns. Ch. 122, can be regarded as doing so. He is there reported to have said that “ if the party claiming under an usurious judgment, or other security, resorts to this court to render his claim available, and the defendant sets up and establishes the charge of usury, the court will decide according to the letter of the statute, and deny all assistance and set aside every security and instrument whatsoever infected with usury.” So far as concerns attempts to enforce any security in its nature disputable, or where the consideration may under the rules of law be inquired into, the doctrine is undeniably correct; but I do not think that eminent jurist intended here to deny what he has again and again, both as judge and commentator, laid down as to the inviolability of judgments. I think the word “judgment” was incautiously or inconsiderately used, and I am strengthened in this conclusion from the fact that the remark had nothing whatsoever to do with the case before him.
The bill in that case was filed directly, to impeach a judgment containing usury rendered upon a warrant of attorney, and to set aside a foreclosure and sale of mortgaged premises by a power contained in the mortgage.
The bill was entertained for the reason that the courts of law in New York, in opposition to their former practice, had come to the determination not to open such judgments upon motion; but relief was denied because the complainant had not offered to pay what *204 wbat was equitably due. No question, therefore, could have arisen as to the effect of the judgment when not thus directly attacked.
In the case of Henry et al. v. Vermillion & Ashland R. R. Co., 17 Ohio, 187, an attempt was made to impeach the judgment upon which the proceeding was founded for fraud, but the court held that it could not be done. Nor does this view of the matter deprive the defendant of all remedy.
*It has long been the unquestioned doctrine in this state that judgments rendered upon warrants of attorney may, on motion, upon a proper case being made, be opened and the party let in to -defend.
And in this case, as the claim has passed into a second judgment, and the defendants allege that they were ignorant of the existence of the usury until after it was obtained ; and inasmuch as the complainant has come into equity to enforce it; we are of opinion that a cross bill may be filed to set aside the judgment upon such terms as the relation of the defendants to the matter will entitle them to assume.
The complainant will have leave to withdraw the replication to the answer and renew the exceptions, which will be sustained, and the cause remanded to the county for further proceedings.